#4

FEE PAID

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Caine PELZER, sui juris,

Plaintiff,

vs.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS, SECRETARY JOHN WETZEL,
SUPT. Louis FOLINO, SCI-GREENE, Security Threat Group Management Unit,
(STGMU), SUPT. D. OVERMEYER. SCI-FOREST (STGMU) SUPT. Michael CLARK,
SCI-ALBION, et al.,

No. 20-CV-325E

Supplemental Jurisdiction Evoked

Jury Trial Demanded

FILED

NOV 17 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## Preliminary statement

The Plaintiff, Caine Pelzer, commences this complaint against the above named Defendants, raising more than one cause of action contemporaneous with a motion for preliminary injunction and temporary restraining order as Plaintiff, Caine Pelzer challenges the Constitutionality of his continued placement in solitary confinement as well as various written and unwritten rules and regulations and the Constitutionality of the security threat group management unit pursuant to 42 U.S.C. § 1983, asserting violations of the Eighth Amendments proscription against cruel and unusual punishment as well as the fifth and fourteenth Amendments respective guarantees of substantive and procedural due process and the Plaintiff's right to remain silent without retaliation pursuant to the United States and Pennsylvania Constitutions.

AND NOW, comes the Plaintiff. Caine Pelzer, sui juris, hereby files this complaint against the above named Defendants and in support thereof, avers as follows:

1. The Plaintiff, Caine Pelzer, sui juris is an adult individual currently incarcerated at SCI-Albion located at 10745 Route 18 Albion. PA. 16475-0001, complaining of the Defendant's and aver and allege the facts set forth in the paragraphs below.

2. The Defendant, John Wetzel is the secretary of the PA. D.O.C. and is an individual resident, upon information and belief in the state of Pennsylvania, and is, according to the records of the PA. D.O.C., the sole person and final director of all institutions of the department of corrections in Pennsylvania, to include and is not limited to having a limited policy making power. Defendant John Wetzel is sued in his individual and official capacity.

3. The Defendant Louis Folino is the superintendent of SCI-GREENE, and maintained that title at the of these illegal transgressions mentioned herein, upon information and belief is responsible for overseeing the overall day to day operations of SCI-GREENE and is an individual resident upon information and belief in the state of Pennsylvania. Defendant Folino is sued in his individual and official capacity.

4. The Defendant D. Overmeyer is the superintendent of SCI-FOREST and maintained that title at the times of these illegal transgressions mentioned herein, upon information and belief is responsible for overseeing the overall day to day operations of SCI-FOREST and is an individual resident upon information and belief in the state of Pennsylvania. Defendant Overmeyer is therefore sued in his individual and official capacity.

5. The Defendant Michael Clark is the superintendent of SCI-ALBION and maintained that title at the times of these illegal transgressions mentioned herein, upon information and belief is responsible for overseeing the overall day to day operations of SCI-ALBION and is an individual resident upon information and belief in the state of Pennsylvania, Defendant Clark is sued in his individual and official capacity.

6. On or about February 1, 2008, Secretary John Wetzel placed the Plaintiff in the level 5 restricted housing unit (hereinafter RHU) on the restricted release list (hereinafter RRL) without a misconduct or meaningful review of the erroneous placement on Administrative custody.

7. As a result of the Plaintiff's placement on (RRL), the Plaintiff filed a two-level appeal of his placement on (RRL) and administrative custody, however, upon the Plaintiffs timely appeal to central office of the PA D.O.C pursuant to DC.ADM 802. The Plaintiff's appeal of his erroneous RRL placement was rejected as the final decision was that the Plaintiff could never file an appeal of his RRL status and administrative custody.

8. After five years of administrative custody where the Plaintiff acquired all administrative custody privileges the PA. D.O.C. transferred the Plaintiff to a secret housing unit now known as the security threat group management unit on July 30, 2013 without rationale or an appeal process of the erroneous placement.

9. The Plaintiff was placed on phase 5 of the security threat group management unit at the supermaximum security prison at Greene and stripped of all administrative custody privileges including his visiting and phone call privileges.

10. The Plaintiff remained in the security threat group management unit (hereinafter STGMU) until November 6, 2014 without misconduct and was transferred to SCI-Dallas for a probationary phase to be released to general population.

11. Exactly one year later on November 6, 2015 the Plaintiff was being placed back on (RRL) at the direction and approval of secretary John Wetzel without the Plaintiff receiving a misconduct or appeal process on administrative custody, specifically to once again contest the erroneous placement.

12. Between June of 2016 and November of 2018, the Plaintiff was housed in two more maximum security housing units, hereinafter (P.O.R.T.A.L) and the (STGMU at SCI-Forest) without hearings to contest it's erroneous placement or departure from the housing units.

13. On November 20, 2018, the Plaintiff was frantickly transferred from SCI-Forest to SCI-Fayette without misconduct or annual review.

14. Subsequently SCI-Fayette transferred the Plaintiff to SCI-Albion where SCI-Fayette admitted that "were moving you to SCI-Albion to be forgotten about while on RRL."

15. While SCI-Albion has 8 RRL prisoners, the Plaintiff is isolated from those prisoners and housed facing a tier where suicidal prisoners are housed in an attempt to exacerbate the Plaintiffs mental capacity.

16. As a direct and proximate result of the actions and/or inactions of the Defendants herein, the Plaintiff has no remedy on a state based level.

17.   As a direct and proximate result of the actions and/or inactions of the Defendants herein. Plaintiff lost the opportunity to cure, treat or prevent constitutional violations pursuant to the U.S and P.A. constitutions arising from D.O.C. policies that aren't being applied to the Plaintiff as well as unregulated and fradulent programming in multiple supermaximum security prisons in Pennsylvania.

## COUNT I

Caine PELZER v. John WETZEL, P.A. D.O.C. et al..

### (FIFTH AMENDMENT VIOLATIONS)

18.   Plaintiff incorporates his allegations from paragraphs 1 through 17 as if the same were more fully set forth at length herein.

19.   The deliberate indifference and unconstitutional conduct on the part of the Defendants herein, includes the following :

(a)  The Defendants, John WETZEL, Louis FOLINO and D. OVERMEYER violated the Plaintiff's fifth Amendments protection against self incrimination pursuant to the United States and Pennsylvania Constitutions as the Plaintiff is reouired to Incriminate himself with respect to criminal activity where the information obtained in unregulated STGMU groups in order to progress may and have been used in later investigations on state county and federal levels and/or criminal proceedings with no policy made saying the information contained will not be used.

(b)  The Defendants, John WETZEL, Louis FOLINO and D. OVERMEYER violated the Plaintiffs fifth Amendments protection against self incrimination pursuant to the United States and Pennsylvania Constitutions as the Plaintiff is forced to fill out a debriefing form probing into criminal activities conducted by local colleges, university students, psychologist counselors in unregulated specialized housing units such as the STGMU and such refusal will result in the Plaintiff remaining on RRL.

20.   The Defendant's constitutional violations under the United States and Pennsylvania Constitutions in violation of the 5th Amendment under color of law caused the Plaintiff's pain and suffering for which he seeks punitive and compensatory damages as set forth at length herein.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the Defendants in an amount greater than fifty thousand dollars ($50,000.00) the jurisdictional limit for arbitration and any other remedy this Court deems just.

## COUNT II

### Caine PELZER v. John WETZEL, PA. D.O.C. et al.,

### (EIGHTH AMENDMENT VIOLATIONS)

21.  Plaintiff incorporates his allegations from paragraphs 1 through 20 as if the same were more fully set forth at length herein.

22.  The Defendants were aware of and/or deliberately indifferent to the health risks posed by the conditions of his long term solitary confinement, and disregarded both the Plaintiffs health and safety.

23.  The Defendants John Wetzel, Louis Folino, D. Overmeyer and Michael Clark are and continue to enforce conditions upon the Plaintiff exacerbating his mental capacity on RRL in housing Plaintiff in freezing cells in winter storms with partially opened yard doors attached to cells he is living in naked with cold air blowing on it's highest level without recourse, then strategically isolating and transferring Plaintiff to other prisons and starting the process over again.

24  The Defendants enforce rules upon the Plaintiff which includes depriving the Plaintiff of basic necessities in STGMU programs such as a denial of socks, T-shirts, Toilet tissue, toothbrush, toothpaste, wash rags, deodorant, lotion coupled with a deprivation in solitary of any property to maintain any form of hygiene.

25.  The Defendant's enforce rules in the STGMUˢ and solitary of a lack of an opportunity to clean his cell then isolating the Plaintiff away from any prisoners for months.

26.  The Defendants subject the Plaintiff to 24 hours of flourescent lights half the length of his cell, banging, screaming, perfunctory mental health treatment for depression, sleeplessness, ruminations, hopelessness, panic attacks then denies him of even an emergency asthma pump.

27.  The Defendant's deliberately remove the Plaintiff to areas sufficiently isolated to effectively break and weaken any emotional ties the Plaintiff has, then states it's because Plaintiff can take it.

28. The Defendants continually and deliberately place the Plaintiff into new and ambiguous situations in solitary confinement for which the standards are deliberately unclear and then psychologically putting pressure on the Plaintiff to conform to what is never explained in order to win a reprieve from the pressure.

29. The Defendants deliberately weaken Plaintiffs mental capacity by telling the Plaintiff to appeal RRL placement under DC ADM 802 then put on the record that the Plaintiff could never appeal RRL decisions.

30. The Defendants deliberately combine the practice of tampering with sensory stimuli with a deficient diet, a diet lacking key nutrients indispensable to the proper functioning of a well-intergrated personality. The diet appears acceptable but is nutritiously deficient giving the Plaintiff feelings of lethargy and depression giving rise to thoughts of self-destruction.

31. The Defendant's are knowingly and deliberately conducting experiments on the Plaintiff of assaulting the mind; Tampering with the mind; ruling the mind; amputating the mind; pruning the mind; rewiring the mind; blowing the mind; castrating the mind; robotizing the mind through it's conditions of solitary and control units without a way for the Plaintiff to seek relief.

32. The Defendant's authorizes the unwarranted cycle of entering units of solitary and remain in filthy, freezing cells without the basic needs of hygiene for weeks or months and then states these are trumped by security concerns which are never explained, then failing the Plaintiff out of the units and add pressure upon him to go back through the same, or worse treatment to gain a reprieve from illegal treatment which has no penalogical justification.

33. The Defendant's are aware that the solitary confinement has caused the Plaintiff mental anguish and suffering, including increased stress, heightened anxiety severe difficulty concentrating, short term memory loss, chronic depression indecisiveness, feelings of how to maintain his sanity, impulse control problems, distinguishing real from fake events, imagined or actual, thoughts of conspiracies the minute he hears anyone talk and suffered physical injury and pain including cataracts leading to the use of bi-focals, arthiritis, broken and numb toes because of inadequate footwear for years, high blood pressure, headaches and hypertension.

34. The Defendant's deliberately circumvent the law by putting the Plaintiff on (RRL) or long term solitary confinement for years, then lifts the status for a few months without misconduct and starts the process of solitary confinement all over again without penalogical justification.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the Defendants in an amount greater than fifty thousand dollars ($50,000.00), the jurisdictional limit for arbitration and any other remedy this Court deems just.

## COUNT III

## Caine PELZER v. John WETZEL, PA.D.O.C. et al.,

## (EQUAL PROTECTION VIOLATIONS)

35. Plaintiff incorporates his allegations from paragraphs 1 through 34 as if the same were more fully set forth at length herein.

36. (a) Defendant's violated the Plaintiffs right to equal treatment when the Plaintiff was continuously denied the right to appeal his continued solitary confinement under DC-ADM 802 and other prisoners are allowed to appeal under DC-ADM 802.

(b) Defendants violated the Plaintiffs right to equal treatment when the Plaintiff is subjected to an unwritten, unequal application of rules, regulations and policies in control units and RHUs throughout the PA. D.O.C.

(c) Defendants violated the Plaintiffs right to equal treatment when they placed the Plaintiff under a new, undefined status of confinement which is not pursuant to the DC-ADM 802 but is housing the Plaintiff under the guise of the DC-ADM 802.

37. The Defendant's constitutional violations of the equal protection clause to the United States and Pennsylvania Constitutions under color of state law caused the Plaintiff pain, suffering and damages as set forth at length herein.

WHEREFORE, Plaintiff respectfully request judgment in his favor and against the Defendants in an amount greater than fifty thousand dollars ($50,000.00), the jurisdictional limit for arbitration and any other remedy this Court deems just.

## COUNT IV

## Caine PELZER v. John WETZEL PA. D.O.C. et al.,

## (FOURTEENTH AMENDMENT VIOLATION)

56. Plaintiff incorporates his allegations from paragraphs 1 through 55 as if the same were more fully set forth at length herein.

57. The deliberate acts and unconstitutional conduct on the part of the Defendants herein, includes the following:

(a) The Defendant's failed to follow the established procedures in such a way that under the Plaintiffs specific circumstances amount to a violation of his Fourteenth Amendment right to procedural due process;

(b) The Plaintiff was never provided any reason as to why he is on the Restricted Release List ("RRL");

(c) The Plaintiff was never provided any reason on why central office initiated restricted release inconsistent with established procedure;

(d) The Plaintiff was denied the opportunity to appeal the erroneous RRL placement as well as being put on administrative custody inconsistent with established procedures;

(e) The Plaintiff is not provided notice when he is reviewed for release from the RRL;

(f) The Plaintiff is not provided notice of any decisions taken by any prisons, including the DOC secretary, to keep him on the RRL;

(g) The Plaintiff is not provided notice of why he is continuously transferred to multiple prisons to prevent consideration for RRL removal;

(h) The Plaintiff has never been told what he must do to be removed from the RRL;

(i) The review by the Program Review Committee ("PRC") is a perfunctory proceeding, and the extension of Plaintiffs solitary confinement is automatic;

(j)    The PRC refuses to provide Plaintiff with a full and detailed accounting of the evidence relied upon in continuing his solitary confinement;

(k)    Defendants Wetzel and currently Clark has denied Plaintiffs request and complete explanation of the basis of his continued solitary confinement;

(l)    Defendant Wetzel refuses to afford the Plaintiff of a annual review and continues to rely on a vote sheet from PRC which he already testified is a misnomer because there is no other vote for RRL removal as that responsibility sits with Defendant Wetzel;

(m)    Defendants then constructed specialized housing units out of thin air such as the STGMU and PORTAL to house the Plaintiff and fails to create a state informal, nonadversary procedure for placing Plaintiff in the supermax prison, with no post-deprivation remedy.

(n)    Defendants then discipline the Plaintiff in phase 5 of these created supermax specialized housing units without misconduct or any procedure to receive notice of factual basis for placement in these units or opportunities for rebuttal or appeal procedures;

(o)    Defendants failure to established state created policy governing placement or transfer to a special housing unit before or after being placed in these supermax units;

(p)    Defendant's has never been told what he must do to be removed from RRL in these specialized housing units;

(q)    Defendants failure to acknowledge title 37 Pa. Code § 93.11 wherein administrative custody is not to be used for punitive purposes;

58   The constitutional violations under the fourteenth Amendment to the United States and Pennsylvania Constitutions carried out by the Defendants with a disregard for state and federal law under color of law caused the Plaintiff pain, suffering and damages as set forth at length herein.

**WHEREFORE,** Plaintiff respectfully request judgment in his favor and against the Defendant in an amount greater than seventy five thousand dollars ($75,000.00) and any other remedy that the Court deems just and owing.

# COUNT V

## Caine PELZER v. John WETZEL, PA. D.O.C. et al.;

## (STATUTORY VIOLATIONS AND FRAUD)

59. Plaintiff incorporates his allegations from paragraphs 1 through 58 as if the same were more fully set forth at length herein.

60. The Defendants failed to give public notice of it's intention to promulgate, amend or repeal any administrative regulation regarding the existence of the STGMU and PORTAL in accordance with section 201-208 of the Commonwealth Documents Laws 45 P.S. §§ 1201-1208 as amended §§ 1102-1602 as well as the Legislative Reference Bureau;

61. The Defendant's failed to adhere to the administrative code 71 P.S. § 51-732 whereas Defendant's are not empowered to issue a policy which is inconsistent with state law;

62. The Defendants failed to properly amend DC-ADM 801, 802, etc in accordance with the procedures under the Commonwealth Documents Law to mandate in all state institutions that the new supermax housing units which the Plaintiff is being threatened with returning to will be governed by one or all of these policies, rules and regulations;

63. The Defendant's failed to adhere to section 506 of the administrative code, 71 P.S. § 186;

64. The Defendants failed to acknowledge title 37 Pa. Code § 93.11 (b) wherein AC-Status is not to be used for purposes of punitive measures in it's supermax control units;

65. The Defendant's failed to properly promulgate regulations regarding RRL in it's supermax control units or at it's entry point pursuant to the Regulatory Review Act, the attorney general and office of general counsel of a proposed regulation;

66. The Defendant's violated the separation of powers doctrine in drafting handbooks in it's supermax control units without legal authority to do so;

67. The Defendant's committed fraud when they knowingly, willingly arbitrarily and capriciously subjected the Plaintiff to unwritten and secret policies, rules and regulations in the PA.D.O.C. and the STGMU.

68. The Defendant's committed fraud when they Knowingly, willingly, intentionally and capriciously created unwritten rules and subjected the Plaintiff to those unwritten rules and regulations in the departments STGMU and PORTAL which change without notice from week to week under the guise of a treatment unit without legal authorization.

69. The Defendant's committed fraud when they knowingly, willingly, intentionally and capriciously issued fake handbooks and other reports in both STGMUS and PORTAL that contained no PA.D.O.C. official names or signatures authorizing such existence including rules needed to determine what is expected of the Plaintiff;

70. The Defendant's committed fraud when they Knowingly, willingly, intentionally, arbitrarily and maliciously created secret policies, rules and regulations and subjected the Plaintiff to such in the STGMU and PORTAL, inconsistent with the administrative code, legislative reference bureau, regulatory review act, the Commonwealth documents laws and for failure to get the approval of the attorney general and general counsel of a proposed regulation;

71. The Defendant's committed fraud by falsifying governmental documents which could not be challenged for it's accuracy against the Plaintiff's files so that the Plaintiff fits within a secret criteria of qualifications or validation to be admitted to the STGMU, PORTAL and RRL;

72. The Defendant's fraudulently carried out the duties of the judicial and legislative branches in creating supermax control units out of thin air which violates the separation of powers doctrine.

73. As a result of the statutory violations and fraud committed by the Defendant's, the Plaintiff sustained pain, suffering and damages and will continue to suffer as set forth at length herein.

WHEREFORE, Plaintiff respectfully request judgment in his favor and against the Defendant's in an amount greater than seventy five thousand dollars ($75,000.00) and any other remedy that the Court deems just and knowing.

## COUNT VI

### Caine PELZER v. John WETZEL, PA. D.O.C. et al.,

### (CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES)

74.   Plaintiff incorporates his allegations from paragraphs 1 through 73 as if the same were more fully set forth at length herein.

75    The conduct of the Defendants, constituted a wanton and reckless disregard for the rights and well being of the Plaintiff and constituted a conscious disregard for the high probability of pain and suffering and mental anguish which resulted from the acts of the Defendants as more particularly set forth herein.

76.   The Defendants were aware and continue to be aware of the actual mental and psychological harm and physical injury and pain suffered by the Plaintiff as a result of his extended time in solitary confinement for the last 15 of 16 years constituting the continuing course of conduct exception to res judicata.

77.   The Defendants had knowledge and acted recklessly when they refused to follow established policies and procedures regarding placement and appeals of RRL and AC-Status as well as placement and appeals of specialized housing units.

78.   The Defendants had knowledge and acted recklessly when they failed to provide reasons as to why the Plaintiff is on RRL, provide notice when he is reviewed for release from the RRL, failed to provide notice of any decision taken by any prisons, including the DOC secretary to keep him on RRL; failed to tell Plaintiff what he must do to be removed from the RRL.

79.   The Defendants had knowledge and acted recklessly when they performed perfunctory PRC proceedings and automatically extending the Plaintiff's solitary confinement and refusing to provide Plaintiff with a full and detailed accounting of the evidence relied upon in continuing his solitary.

80.   The Defendants deliberate indifference rise to conscience-shocking level in failing to follow any procedure established to protect the Plaintiff in order to maintain his solitary confinement.

81    The Defendants had actual knowledge and acted deliberately indifferent and intentionally when they created new, illegal supermax units and subjected the Plaintiff to unconstitutional conditions with no post-deprivation remedies for the unconstitutional placement and perfunctory reviews.

82    The Defendants had actual knowledge and falsified governmental documents to put the Plaintiff back on RRL and into supermax control units without any misconduct inconsistent with the law.

83    It is unlawful and the Defendants did retaliate against the Plaintiff for asserting his 1st Amendment constitutional right.

84.    It is unlawful and the Defendants did violate the Administrative code. .

85.    It is unlawful and the Defendant's did violate the Regulatory Review Act.

86.    It is unlawful and the Defendants did violate the Pennsylvania document law and all that derived from it's violation is null, void and of no force and effect.

87.    It is unlawful to subject the Plaintiff to cruel and unusual punishment.

88.    It is unlawful and the Defendant's did deprive the Plaintiff of due process and violated it's own rules, regulations and policies.

89.    It is unlawful and the Defendant's did violate the Plaintiffs equal protection rights under the equal protection clause.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the Defendant's in an amount greater than ($75,000.00) and any other remedy that the Court deems just and owing.

( AFFIRMATION )

The Plaintiff, Caine Pelzer hereby swear and affirm under penalties that the foregoing is true and correct and based upon personal knowledge, belief and information and not meant to mislead, pursuant to ( 18 Pa. C.S. A. § 4904); (28 U.S.C § 1746).

/s/ Mr. Caine Pelzer
Mr. Caine Pelzer, prose
SCI-ALBION-EZ 2913
10745 Route 18
Albion, Pennsylvania. 16475

Dated: ~~October 28 2020~~
October 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Caine PELZER v. John WETZEL, PA. D.O.C. et al.,

## CERTIFICATE OF SERVICE

I, Caine Pelzer, sui juris hereby certifies that I did in fact personally serve all defendants one copy of the complaint pursuant to original process.

Sec+Mr.John Wetzel   1920 Technology PKWY Mechanicsburg, PA. 17050
Supt. Louis Folino
Supt. D. Overmeyer
Supt. Michael Clark

/s/ Mr. Caine Pelzer
Mr. Caine Pelzer, pro se
SCI-ALBION EZ-2913
10745 Route 18
Albion, Pennsylvania. 16475

Dated: ~~October 28, 2020~~
October 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Caine PELZER, v. John WETZEL, PA.D.O.C. et al.,

CERTIFICATE OF SERVICE

I, Caine Pelzer, sui juris hereby certifies that I did in fact personally serve all defendants one copy of the motion for preliminary injunction accompanied by a proposed order of court; by first class U.S. mail and original service as follows:

Sec. John Wetzel PA.D.O.C. Central office 1920 Technology PKWY, Mechanicsburg, PA. 17050

Supt. Louis Folino: — Greene Corr. Inst.

Supt. D. Overmeyer — Forest Corr. Inst.

Supt. Michael Clark — Albion Corr. Inst.

/s/ Mr. Caine Pelzer

Mr. Caine Pelzer, prose
SCI- ALBION
# EZ-2913
Albion, Pennsylvania. 16475

Dated: ~~October 28, 2020~~
October 28, 2020