IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAINE PELZER,<br><br>                Plaintiff,<br><br>     v.<br><br>SECRETARY JOHN WETZEL;<br>FORMER SECRETARY JEFFREY BEARD<br>and TABB BICKELL,<br><br>                Defendants. | No. 1:20-cv-00325-RAL<br><br>Magistrate Judge Lanzillo<br><br><br><br><br><br>***Electronically Filed.*** |

**CORRECTIONS DEFENDANTS'**
**PRETRIAL STATEMENT**

AND NOW, come the Defendants Wetzel, Beard and Bickell ("the Corrections Defendants") by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and the Pennsylvania Office of Attorney General, and submit the following PreTrial Narrative Statement:

Caine Pelzer ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"). Plaintiff initiated this civil rights action on November 17, 2020, by paying the full filing fee and submitting a pro se Complaint [ECF1]. The Complaint presented claims under, *inter alia*, the Eighth and Fourteenth Amendments, which challenged Plaintiff's placement on the Restricted Release List ("RRL"), asserting that such placement constituted long term solitary confinement. Plaintiff also filed a Motion for Preliminary Injunction [ECF 2] that same day, presenting essentially the same claims as articulated in his Complaint.

On January 11, 2021, counsel from the Mizner Law Firm entered their appearance on behalf of Plaintiff and filed a Motion to Withdraw Motion for Preliminary Injunction [ECF 9]. Thereafter, on July 1, 2021, an Amended Complaint [ECF 21] was filed on Plaintiff's behalf. A

Second Amended Complaint [ECF 38] was subsequently filed on May 18, 2022, and remains the operative complaint in this action.

The Second Amended Complaint has identified FORMER SECRETARY JEFFREY BEARD, SECRETARY JOHN WETZEL and TABB BICKELL as the only defendants in this case. Two claims are asserted, one for Deliberate Indifference under the Eighth Amendment based on the conditions of Plaintiff's purported long term solitary confinement and the other under the Fourteenth Amendment, asserting a denial of due process related to his initial placement and continued confinement on the RRL.

## I.  STATEMENT OF MATERIAL FACTS TO BE OFFERED AT TRIAL

Plaintiff was entered into DOC custody on or about August 31, 1998. Plaintiff has a minimum sentence date of October 1, 2025 and a maximum sentence date of March 1, 2050. Prior to 2008, Plaintiff had been confined at SCI-Greene, SCI-Forest and SCI-Fayette. Plaintiff was identified as a high ranking member of a Security Threat Group (Bloods) and incurred numerous misconducts and as a result earned administrative separations from SCI-Greene and SCI-Forest for Security Threat Group ("STG") incidents at those institutions.

After working through the Special Management Unit ("SMU") Program at SCI-Camp Hill in 2008, Plaintiff was transferred to SCI-Coal Township for SMU Phase 1 Probationary Placement in an attempt to transition to a general population housing unit. However, Plaintiff became involved in gang activities at SCI-Coal Township and was determined to have ordered an assault on another inmate.

Based on this SMU failure, SCI-Coal Township recommended Plaintiff for placement on the Restricted Release List ("RRL") based on his misconduct history and involvement with gang and drug activity. It appears that his RRL placement was approved by former Secretary Beard on

March 11, 2009. Although Plaintiff filed an appeal of his RRL placement, he was advised that there is no appeal process available for RRL placements.

After being confined at SCI-Somerset for approximately eighteen months, Plaintiff was transferred to SCI-Houtzdale in November of 2010. An investigation predicated on the monitoring of Plaintiff's incoming and outgoing mail revealed that Plaintiff was still involved in STG activity and apparently held a positon of influence with the Bloods.

Based on this investigation, Plaintiff was placed in the Security Threat Group Management Unit ("STGMU") at SCI-Houtzdale in 2012. Plaintiff progressed through the STGMU Program and was at some point transferred to the STGMU Program at SCI-Greene. In August of 2014, Plaintiff was approved for STGMU Phase 1/Transfer and Removal from RRL by staff at SCI-Greene. It appears that Secretary Wetzel approved Plaintiff's removal from the RRL in September of 2015 and he was transferred to SCI-Dallas for his STGMU Phase 1 transition to general population. Plaintiff completed the STGMU Program on May 20, 2015.

However, based on his involvement in multiple assaults on another inmate that was determined to be STG related, Plaintiff was again considered for placement on the RRL. Such placement was subsequently approved in December of 2015 and Plaintiff was then transferred to SCI-Pine Grove in June of 2016. Plaintiff was placed into the PORTAL Program at SCI-Pine Grove. Plaintiff's RRL placement was reviewed in 2017 and it was recommended that he begin step down to be removed from the RRL.

Plaintiff was placed in the STGMU at SCI-Forest in October of 2018 in another effort to have him transition to general population, but he was removed from the program in November of 2018 and subsequently transferred to SCI-Fayette. Plaintiff was transferred to SCI-Albion in 2019 and maintained on the RRL. Plaintiff filed the instant action while at SCI-Albion but has since

been transferred to SCI-Phoenix. It appears that Plaintiff is currently in the Intensive Management Unit at SCI-Phoenix.

The Corrections Defendants anticipate presenting testimony and evidence regarding the process for Plaintiff's placement and continuation on the RRL, as well as regarding the conditions of confinement to which he was subject while on the RRL. The Corrections Defendants also anticipate offering testimony and evidence regarding Plaintiff's failure to properly exhaust all of his present claims through available DOC administrative processes.

## II.  WITNESSES

In addition to the witnesses listed in any other Party's pretrial narrative statement, the Corrections Defendants may call the following individuals as witnesses:

1. Tabb Bickell (Defendant), former Executive Deputy Secretary
2. John E. Wetzel (Defendant), former Secretary of Corrections
3. Jeffrey A. Beard (Defendant), former Secretary of Corrections
4. Michael Wenerowicz, Executive Deputy Secretary for Institutional Operations
5. Michael Torres, Major, Bureau of Investigations and Intelligence
6. Bryan Flinchbaugh, DOC, Deputy Superintendent, SCI Albion
7. Joseph Stantos, DOC, Unit Manager SCI Albion
8. Kurt Suesser, DOC, Unit Manager SCI Albion
9. David Close, DOC, Deputy Superintendent, SCI Albion
10. Paul Palya, DOC, Unit Manager, SCI Greene
11. Mark Dialessandro, DOC, Deputy Superintendent, SCI Albion
12. Eric Ray, DOC, Unit Manager, SCI Pine Grove
13. Mark Capozza, DOC, Superintendent, SCI Fayette
14. W. Tift, DOC, Corrections Officer 4, SCI Fayette

15. Aurandt, DOC, Unit Manager, SCI Fayette

16. Richard Burkovich, DOC, Psychological Services Specialist, SCI- Fayette

17. Lisa A. Duncan, Licensed Psychology Manager, SCI-Fayette

18. Michael "Skip" Bell, Administrative Officer II,
    DOC Secretary's Office of Inmate Grievances and Appeals

### III.  EXHIBITS

In addition to the exhibits listed in any other Party's pretrial narrative statement, the Corrections Defendant may present any or all of the following items:

1. Vote sheets/reviews/correspondence regarding RRL, STGMU, etc. from 2007-present
2. PRC reviews for Caine Pelzer EZ2913 from 2008 until the present
3. "Other" reports for Caine Pelzer EZ2913 from 2008 until the present
4. Cell history for Caine Pelzer EZ2913
5. Grievance history for Caine Pelzer EZ2913
6. Misconduct history for Caine Pelzer EZ2913
7. Medical and mental health records for Caine Pelzer EZ2913 from 2007 through the present
8. DC-ADM 802 Administrative Custody Policy & Procedures Manual
9. DC-ADM 804 Inmate Grievance System Policy & Procedures Manual

The Corrections Defendants will not be presenting any formal expert reports or testimony as part of their case in chief.

### IV.  DAMAGES

No damages are sought by the Corrections Defendants in this case.

5

## V.  UNUSUAL LEGAL ISSUES

The Corrections Defendants do not believe that there are any unusual legal issues yet to be decided in this matter.  However, consistent with the Court's Pretrial Order [ECF 71], the Corrections Defendants anticipate filing certain Motions *in Limine*.

## VI.  LENGTH OF TRIAL

It is estimated that the trial of this case should consume no more than four trial days, inclusive of jury selection.

---

The Corrections Defendants reserves the right to amend or supplement this pretrial narrative statement up to and including the time of trial.

WHEREFORE, the Corrections Defendant respectfully requests that the Court accept the foregoing as the Defendant's PreTrial Narrative Statement in this case.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  January 24, 2024

  s/ Scott A. Bradley
Scott A. Bradley
Senior Deputy Attorney General
Attorney I.D. No. 44627

Karen M. Romano
Chief Deputy Attorney General