**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAINE PELZER | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:20-cv-325E |
| SECRETARY JOHN WETZEL, FORMER | ) | |
| SECRETARY JEFFREY BEARD | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

<u>**MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS/REPORT**</u>

Plaintiff Caine Pelzer, by his attorneys at the Mizner Law Firm, files this Motion to

Exclude the Defendants' Expert Testimony and/or Expert Report and states as follows:

1.      A key issue in this case will be whether, and to what extent, the conditions of Mr.

Pelzer's nearly sixteen years of confinement on the Restricted Release List ("RRL") have caused

injury to Pelzer.

2.      To that end, Mr. Pelzer has retained Dr. Jeremy Colley, a forensic psychiatrist,

who has opined with "a reasonable degree of medical certainty, that Mr. Pelzer suffers from

Major Depressive Disorder as defined in the Diagnostic and Statistical Manual, 5th Edition

(DSM-5), a significant cause of which has been the conditions of confinement while in prison,

specifically, while housed via the Restricted Release List (RRL) program."

3.      In response, Defendants have produced a document identified[1] as an expert report,

entitled Psychological Evaluation for RRL Review ("Psychological Evaluation"). A true and

---

[1] Defendants' own understanding of the Psychological Evaluation is unclear: after previously advising the undersigned that the Psychological Evaluation was an "expert" report, in their Pretrial Statement, Defendants stated: "The Corrections Defendants will not be presenting any formal expert reports or testimony as part of their case in chief." [ECF 73, p. 5].

correct copy of the Psychological Evaluation is attached hereto, for the Court's convenience and review.

4.      The Psychological Evaluation is dated February 26, 2019, and is thus just under five years old.

5.      It is unsigned,[2] although it contains a signature line for two individuals: Richard Allen Burkovich, an Psychological Services Specialist, and Lisa A. Duncan, and Licensed psychologist manager.

6.      The Psychological Evaluation consists of a statement of:

a.  a mental health history, identifying Mr. Pelzer as having a DOC stability code rating of "C";

b.  Background information, largely consisting of Pelzer's misconduct history since 1998;

c.  Analysis of previous evaluations, largely consisting of Pelzer's history since childhood;

d.  Analysis of current evaluation results, largely consisting of observations about Pelzer's history and conduct during the interview;

e.  Risk Analysis, indicating Pelzer's various histories which contribute to his risk assessment by the DOC; and

f.  A Risk Management Recommendation,[3] consisting of Pelzer's history, a critique of his honesty, and an affirmation that "psychology will continue to lend support to Mr. Pelzer for the remainder of his time at SCI Fayette."

_____

[2] Pursuant to F.R.C.P. 26(a)(2)(B), an expert report must be "prepared and signed" by the witness.

[3] In what appears to be a typographical error, the entire text of the Risk Management Recommendation is set forth twice, in full.

7.  The Federal Rules of Civil Procedure require that any expert produce a written and

signed report, which includes at least the following:

> The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

F.R.C.P. 26(a)(2)(B)(i-vi).

8.  Importantly, the Psychological Evaluation does not include any of the following:

    a.  Any indication of which individual conducted the interview of Pelzer,  in

        violation of F.R.C.P. 26(a)(2)(B)(ii);

    b.  Any opinion as to whether or not Pelzer's psychological health is improving,

        declining, or maintaining, in violation of F.R.C.P. 26(a)(2)(B)(i);

    c.  Any opinion as to whether or not Pelzer requires additional psychological health

        services, in violation of F.R.C.P. 26(a)(2)(B)(i);

    d.  Any opinion as to whether RRL is appropriate for Pelzer, given his mental health

        history and diagnoses, in violation of F.R.C.P. 26(a)(2)(B)(i);

    e.  any opinion as to whether or not Pelzer's confinement on the RRL has had an

        impact on his mental health, in violation of F.R.C.P. 26(a)(2)(B)(i);

    f.  Any list of the the authors' qualifications, nor any list of all publications authored

        in the previous 10 years, in violation of F.R.C.P. 26(a)(2)(B)(iv);

g.  any list of all other cases in which, during the previous 4 years, the authors

testified as an expert at trial or by deposition in violation of F.R.C.P.

26(a)(2)(B)(v); or

h.  any statement of the compensation to be paid for the study and testimony in the

case, in violation of F.R.C.P. 26(a)(2)(B)(vi).

9.     The Psychological Evaluation does not include any certification that the opinions

it contains are made with a reasonable degree of professional certainty; this may be because the

Psychological Evaluation does not include any opinions, other than about Pelzer's honesty.

10.     As such, the Psychological Review is inadmissible as expert opinion. *See NBL*

*Flooring, Inc. v. Trumball Ins. Co.*, No. 10-4398, 2013 U.S. Dist. LEXIS 150003, at *6-7 (E.D.

Pa. Oct. 18, 2013)("An expert must demonstrate that he has good grounds for the opinion (i.e.,

the opinion is based on methods and procedures of science, *not subjective belief*) and a

reasonable degree of certainty regarding the opinion.")

11.     Because the Psychological Evaluation does not offer any opinion which is

relevant to any claim or defense in this action, it is not admissible opinion testimony, and the

statements expressed therein should not be admitted as "expert" evidence.

12.     Instead, the Psychological Evaluations main, and perhaps only, conclusion seems

to be that Mr. Pelzer is dishonest, and goes on at length in that vein.

13.     Moreover, the Psychological Evaluation itself is hearsay, and its attacks on Mr.

Pelzer's credibility are inadmissible as hearsay. *AAMCO Transmissions, Inc. v. Baker*, 591 F.

Supp. 2d 788, 793 (E.D. Pa. 2008)("An out-of-court statement offered for the truth of the matter

asserted is inadmissible unless it falls into one of the enumerated hearsay exceptions found in

Federal Rules of Evidence 803 and 804, satisfies the residual hearsay exception in Rule 807, or is considered non-hearsay by Rule 801(d).").

WHEREFORE, Plaintiff Caine Pelzer respectfully requests that this Honorable Court prohibit Defendants from introducing the Psychological Evaluation and any testimony related thereto.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

Joseph P. Caulfield
PA bar No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
814.454.3889

*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CAINE PELZER )
    *Plaintiff*, )
     )
v. )
     )   Docket No. 1:20-cv-325E
SECRETARY JOHN WETZEL, FORMER )
SECRETARY JEFFREY BEARD )
    *Defendants*. )   **JURY TRIAL DEMANDED**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 31, 2023, the foregoing Motion in Limine was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Courts ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the courts ECF system.

<u>/s/ John F. Mizner</u>

6