## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAINE PELZER | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:20-cv-325E |
| SECRETARY JOHN WETZEL, FORMER | ) | |
| SECRETARY JEFFREY BEARD and | ) | |
| TADD BICKELL | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

### BRIEF IN RESPONSE TO MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO PELZER'S INITIAL PLACEMENT ON THE RRL

Plaintiff Caine Pelzer, by his attorneys at the Mizner Law Firm, files this Brief in

Opposition to Motion to exclude evidence related to Mr. Pelzer's initial placement on the RRL,

and states as follows:

Defendants' effort to limit reference to the times in which Mr. Pelzer was initially placed

into solitary confinement as beyond the statute of limitations, is patently absurd and borders on

the disingenuous. The very *nature* of the violation of his constitutional rights, is the

unconscionable period of time in which he has been forced to remain in solitary confinement.

Mr. Pelzer's injuries have been caused by Defendants' repeated decision, year after year after

year, to continue his RRL status, yet the Defendants do not want the jury to know how long they

have made that repeated decision.

Specifically, the Defendants seek to "exclude any evidence or testimony related to

Plaintiff's placement on the Restricted Release List by former Secretary Beard on or about

March 11, 2009, and the subsequent conditions of his confinement prior to his placement on the

Restricted Release List by former Secretary Wetzel in December of 2015," on the basis that

"such evidence and testimony concerns events that are beyond the two-year statute of limitations that would be applicable to Plaintiff's Eighth and Fourteenth Amendment claims." [ECF 86, p. 3]. In other words, the Defendants wish to artificially shorten the period of time that the jury is permitted to hear that Mr. Pelzer has been incarcerated on the RRL by about seven years.

This is inappropriate because Mr. Pelzer's claim is specifically predicated on the length of time he has spent on the restricted release list. The mere fact that Defendants will argue he was briefly removed from the RRL, between May and December 2015, is not enough to prevent the jury from placing his ongoing confinement on the RRL in the full context of the past sixteen years, during which according to the DOC's own records, he was in the restricted housing unit save for a brief six month reprieve. And the defendants will not offer any expert testimony that the 5 months when Caine Pelzer was purportedly  not on the RRL

Defendants argue that this is not a continuing violation case, as if proving there was no unbroken chain of restraint in the RHU, means their conduct is exonerated. However, the issue in this case has always been whether the long-term conditions of confinement have injured Mr. Pelzer's mental health. In the context of his mental health which is at issue, it is absolutely relevant to consider the fact that, just five months before he was placed back on the RRL in late 2015, he had just completed approximately seven years of confinement on that same program, with those same restrictions.

To limit the jury's understanding of Mr. Pelzer's RRL status to only December 2015 forward, would create a completely false and misleading impression about how long Mr. Pelzer has endured the extreme deprivations imposed by the RRL. Such a limitation would also pose a practical problem: the very documents which the Defendants reviewed each year to continue Mr. Pelzer's RRL placement, known as "vote sheets," contain references to his initial placement on

the RRL. It would be absurd and unfair to ask a jury to judge the Defendants' continued replacement of Mr. Pelzer on the RRL, without letting the jury have access to the same information the Defendants relied upon to make that decision. (Indeed, in another Motion in Limine, the Defendants have argued they <u>must</u> be permitted to introduce all this information to the jury, and Mr. Pelzer has not opposed that request. *See* ECF 90).

For these reasons, Defendants' Motion in Limine to exclude the jury from hearing about Mr. Pelzer's RRL status until December 2015, should be denied.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

Joseph P. Caulfield
PA bar No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
814.454.3889

*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CAINE PELZER | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:20-cv-325E |
| SECRETARY JOHN WETZEL, FORMER | ) | |
| SECRETARY JEFFREY BEARD and | ) | |
| TADD BICKELL | ) | |
| *Defendants*. | ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, the foregoing Brief in Opposition to Motion in Limine was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Courts ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the courts ECF system.

/s/ John F. Mizner