IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CAINE PELZER, <br><br> Plaintiff <br><br> vs. <br><br> PENNSYLVANIA DEPARTMENT OF CORRECTIONS, SECRETARY JOHN WETZEL, SUPT. LEWIS FOLINO, SCI-GREENE, SECURITY THREAT GROUP MANAGEMENT UNIT; (STGMU) SUPT. D. OVERMYER, SCI-FOREST; (STGMU) SUPT. MICHAEL CLARK, SCI-ALBION; FORMER SECRETARY JEFFREY BEARD, TABB BICKELL, <br><br> Defendants | 1:20-CV-00325-RAL <br><br> RICHARD A. LANZILLO <br> Chief United States Magistrate Judge <br><br> OMINBUS ORDER ON MOTIONS IN LIMINE <br><br> ECF NOS. 75, 83, 85, 87, 89, 101 |

MEMORANDUM ORDER

The following motions *in limine* are before the Court and addressed in this Memorandum Order[1]: Plaintiff's motions to exclude Defendants' expert report (ECF No. 75) and to preclude Defendants from introducing testimony on certain subjects (ECF No. 101), and Defendants' motions to exclude certain evidence and testimony regarding settlement discussions, grievances/lawsuits, and references to "solitary confinement" (ECF No. 83), to exclude evidence and testimony regarding Plaintiff's March 11, 2009 RRL placement (ECF No. 85), to exclude evidence and testimony regarding damages (ECF No. 87), and to admit evidence and testimony of Plaintiff's felony conviction, institutional misconducts, and gang involvement (ECF No. 89).

---

[1] The Court will address the parties' motions *in limine* relating to exhaustion of administrative remedies (ECF Nos. 74, 81) in a separate Memorandum Order.

All motions have been briefed, and the Court received further argument on the motions during the final pretrial conference conducted on February 26, 2024. *See* ECF No. 107.

### A. Plaintiff's Motion to Exclude Defendants' Expert Witness/Report is GRANTED in part and DENIED in part.

Plaintiff seeks to preclude Defendants' admission or use of "a document identified as an expert report, entitled Psychological Evaluation for RRL Review" ("Psychological Evaluation"). He argues that the Psychological Evaluation fails to satisfy several requirements of Fed. R. Civ. P. 26(a)(2)(B)(i-vi) and therefore cannot support admissible expert opinions or testimony at trial. ECF No. 75, ¶ 3. He further contends that "the Psychological Evaluation itself is hearsay, and its attacks on Mr. Pelzer's credibility are inadmissible as hearsay." *Id.*, ¶ 13 (citation omitted). He requests that the "Court prohibit Defendants from introducing the Psychological Evaluation and any testimony related thereto." *Id.*

Defendants respond that the Psychological Evaluation "is not intended as an expert report nor will be offered as an expert report"; rather, "it will be offered in conjunction with testimony from Psychological Services Specialist ('PSS') Richard Burkovich and Licensed Psychology Manager ('LPM') Lisa Duncan as to their firsthand observations of and interactions with Plaintiff while Plaintiff was maintained on the RRL at SCI-Fayette." ECF No. 94, p. 2. They add that the Psychological Evaluation "would be an appropriate basis upon which to cross-examine Plaintiff's expert" and "the statements which purport to be hearsay are statements attributed to Plaintiff himself," and, thus, are admissible as non-hearsay or a hearsay exception.

For the reasons more fully stated on the record during the final pretrial conference, Plaintiff's motion at ECF No. 75 is GRANTED in part and DENIED in part as follows: (1) the Psychological Evaluation, including opinions stated therein, may not be offered to bolster the testimony of PSS Burkovich or LPM Duncan, neither of whom has been identified as an expert

2

witness; (2) Burkovich and Duncan may testify concerning their own personal observations of Plaintiff and statements made by Plaintiff to them or in their presence but may not relate opinions or assessments from the record regarding Plaintiff or statements he allegedly made outside of their presence; (3) a Defendant may reference the report, including opinions expressed therein, provided he or she reviewed and relied upon it in connection with one or more determinations or actions at issue in the case. Such reliance and testimony may be relevant to a Defendant's state of mind and, therefore, relevant to issues of deliberate indifference and Plaintiff's claim for punitive damages; (4) Counsel for Defendants may cross-examine Plaintiff's expert, Dr. Jeremy Colley, using the Psychological Evaluation, but only if it is first established that Plaintiff's expert reviewed and relied upon the Psychological Evaluation in formulating one or more of his opinions; and (5) statements made by Plaintiff and memorialized in the Psychological Evaluation may be offered and admitted as (a) admissions or statements of the opposing party, *see* Fed. R. Evid. 801(d), or (b) statements made for purposes of medical diagnosis or treatment, *see* Fed. R. Evid. 803(4), provided the Psychological Evaluation is first demonstrated to be a record of a regularly conducted business activity, *see* Fed. R. Evid. 803(6).

### B. Defendants' Motion to Exclude Evidence and Testimony regarding Settlement Discussions; Grievances/Lawsuits; Solitary Confinement is GRANTED in part and DENIED in part.

Relying on Fed. R. Civ. P. 403, Defendants argue that Plaintiff "should be precluded from introducing evidence concerning grievances or lawsuits filed by other inmates regarding their placement on the RRL or the conditions of confinement on the IMU" and from using the phrase "solitary confinement." ECF No. 83, ¶ 4. Defendants contend that this evidence and references to "solitary confinement" are unduly prejudicial and would "unnecessarily complicate the issues in the case at hand and confuse the jury." ECF No. 84, p. 1. Plaintiff responds that the

3

evidence of grievances and lawsuits are relevant to show the subjective knowledge of Defendants and that Defendants have failed to demonstrate that references to "solitary confinement" are unsupported by the record, confusing, or unduly prejudicial. *See* ECF No. 95.

For the reasons more fully detailed on the record during the final pretrial conference, Defendants' motion at ECF No. 83 is GRANTED to the extent Plaintiff seeks to admit evidence of prior settlements in other cases or settlement discussions in this case or any other case. Such evidence is hereby excluded. The motion is DENIED to the extent it seeks to preclude evidence of prior grievances and lawsuits, as well as the use of the term "solitary confinement." Evidence regarding prior grievances and lawsuits may be offered to show the Defendants had knowledge or notice of conditions of confinement and possible resulting harm to prisoners. Defendants are free to offer evidence and argument that "solitary confinement" is not an accurate or appropriate description of Plaintiff's conditions of confinement.

### C. Defendants' Motion to Exclude Evidence and Testimony of Plaintiff's March 11, 2009 Restricted Release List Placement is GRANTED in part and DENIED in part.

Defendants "move to exclude any evidence or testimony related to Plaintiff's placement on the Restricted Release List by former Secretary Beard on or about March 11, 2009, and the subsequent conditions of his confinement prior to his placement on the Restricted Release List by former Secretary Wetzel in December of 2015" because "such evidence and testimony concerns events that are beyond the" applicable "two-year statute of limitations." ECF No. 85, ¶¶ 16, 17. Plaintiff argues that this evidence is admissible as evidence of a "continuing violation." ECF No. 96.

For the reasons more fully explained on the record during the final pretrial conference, Defendants' motion at ECF No. 85 is GRANTED to the extent the evidence is offered to support

4

the liability of Defendant Beard, against whom all claims are time-barred. The motion is DENIED to the extent the evidence and testimony is offered for other purposes, as discussed at the final pretrial conference.

### D. Defendants' motion *in limine* related to damages is DENIED pending a more developed record.

Defendants request that the Court bar Plaintiff from seeking "compensatory damages because he cannot establish the requisite personal injury" and "punitive damages because he has not alleged in the Complaint that Defendants' actions were malicious or wanton." ECF No. 88, p. 2. Plaintiff argues that the evidence and testimony at trial will establish that he sustained the requisite "physical injury" to allow an award of compensatory damages for emotional and psychological distress and the requisite intentional or willful and wanton conduct necessary to support an award of punitive damages. *See* ECF No. 97.

For the reasons more fully discussed on the record during the final pretrial conference, Defendants' motion at ECF No. 87 is DENIED without prejudice to Defendants' right to challenge the sufficiency of Plaintiff's evidence to support a physical injury and conduct warranting punitive damages at trial.

### E. Defendants' Motion to Admit Evidence and Testimony of Plaintiff's Felony Conviction, Institutional Misconducts, and Gang Involvement is GRANTED.

Defendants ask "to introduce evidence of Plaintiff's felony conviction, gang involvement and his institutional misconduct records." ECF No. 89, ¶ 11. Plaintiff does not object to the relief requested in this motion, provided such evidence does not become cumulative at trial. *See* ECF No. 98. Accordingly, Defendants' motion at ECF No. 89 is GRANTED subject to proper foundation and limitations on cumulative evidence.

### F. Plaintiff's Motion to Preclude Defendants from Introducing Testimony on Irrelevant Subjects is DENIED as MOOT.

Plaintiff's motion at ECF No. 101 sought to limit or preclude evidence "suggest[ing] that the Restricted Release Program is itself on trial" because "Pelzer is not challenging the general administration of the RRL." ECF No. 101, ¶¶ 2, 3. For the reasons stated on the record during the final pretrial conference, this motion is DENIED as moot.

DATED this 27th day of February, 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE