IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| CAINE PELZER, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>PENNSYLVANIA DEPARTMENT OF )<br>CORRECTIONS, SECRETARY JOHN )<br>WETZEL, SUPT. LEWIS FOLINO, SCI- )<br>GREENE, SECURITY THREAT GROUP )<br>MANAGEMENT UNIT; (STGMU) SUPT. )<br>D. OVERMYER, SCI-FOREST; (STGMU) )<br>SUPT. MICHAEL CLARK, SCI-ALBION; )<br>FORMER SECRETARY JEFFREY )<br>BEARD, TABB BICKELL, )<br>)<br>Defendants ) | 1:20-CV-00325-RAL<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>MEMORANDUM OPINION ON THE<br>PARTIES' MOTIONS IN LIMINE<br>CONCERNING ADMINISTRATIVE<br>EXHAUSTION<br><br>ECF NOS. 81, 78 |

**MEMORANDUM OPINION**

Two related motions *in limine* are before the Court: Defendants' Motion to Exclude Evidence and Testimony of Unexhausted Claims (ECF No. 81), and Plaintiff's Motion to Exclude Evidence Related to Administrative Remedies (ECF No. 78). The motions have been briefed and the Court received further argument on the motions during the final pretrial conference conducted on February 26, 2024. *See* ECF Nos. 92 (Plaintiff's opposition brief), 93 (Defendants' opposition brief), 109 (Plaintiff's supplemental brief), 110 (Defendants' supplemental brief). For the reasons discussed herein and on the record during the final pretrial conference, Plaintiff's motion at ECF No. 78 will be GRANTED and Defendants' motion at ECF No. 81 will be DENIED.

1

A. Background

Plaintiff Caine Pelzer, an individual currently in the custody of the Pennsylvania Department of Corrections ("DOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against two former Secretaries of the DOC, Jeffrey Beard and John Wetzel, and DOC Executive Deputy Secretary for Institutional Operations, Tabb Bickell. ECF No. 38. Mr. Pelzer claims that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Mr. Pelzer claims that the administrative custody ("AC") restrictions and conditions under which he has lived for approximately fifteen years due to his placement on the Restricted Release List ("RRL") violate both his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.

B. Discussion

Defendants' motion "seek[s] to exclude any evidence or testimony regarding . . . Plaintiff's Eighth Amendment conditions of confinement claim" because he did not exhaust his administrative remedies prior to filing suit, as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 82, p. 3. Plaintiff's motion argues that "any attempt to argue, or convince the Court . . . through the introduction of evidence, that Mr. Pelzer has failed to 'properly exhaust all of his present claims through available DOC administrative processes,' should be excluded as irrelevant and unfairly prejudicial" because administrative exhaustion was unavailable. ECF No. 78, ¶ 16.

The PLRA requires a prisoner to exhaust any available administrative remedies before commencing an action challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all claims relating to prison life which do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the

statute requires "proper exhaustion," meaning that a prisoner's completion of the administrative review process must also satisfy the applicable procedural rules of the prison's grievance system. *Fennell v. Cambria County Prison*, 607 Fed. Appx. 145, 149 (3d Cir. 2015). A procedurally defective administrative grievance, even if pursued to final review, precludes action in federal court. *Id.* Failure to exhaust administrative remedies under the PLRA is an affirmative defense that defendants must plead and prove. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

A threshold question presented by the parties' competing motions is what administrative remedies, if any, were available to Pelzer to challenge the duration and conditions of his administrative custody. Defendants assert that DC-ADM 804, Inmate Grievance System, applies to this claim. Pelzer, on the other hand, argues that DC-ADM 802, Administrative Custody Procedures, is the operative policy. "The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate." DC-ADM 804 (1)(A)(2). But DC-ADM 804 also includes specific exclusions from the inmate grievance system, including the following:

> Issues concerning a specific inmate misconduct charge, conduct of hearing, statements written within a misconduct and/or other report, a specific disciplinary sanction, and/*or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through* Department policy DC-ADM 801, "Inmate Discipline" and/or *DC-ADM 802, "Administrative Custody Procedures."* Issues other than specified above must be addressed through the Inmate Grievance System.

DC-ADM 804(1)(A)(7) (emphasis supplied).

DC-ADM 802 includes a reciprocal provision, which mandates that "[a]ll issues concerning... the duration of [an inmate's] AC custody *must be addressed* through the procedures set forth in *this procedures manual* and *may not be addressed through the procedures*

3

*set forth in* Department policies DC-ADM 801, 'Inmate Discipline' or *DC-ADM 804, 'Inmate Grievance System.'*" DC-ADM 802(2)(D)(11) (emphasis supplied). DC-ADM 802 then states that "[c]onditions or other circumstances of inmate's AC Status, other than reason *or duration*, must be addressed through the grievance process set forth in Department Policy DC-ADM 804." DC-ADM 802(2)(D)(12) (emphasis supplied).

Thus, DOC policies require a prisoner to follow the grievance procedures of DC-ADM 804 if the complaint is about the "[c]onditions or other circumstances of [the] inmate's AC Status," but direct him to follow DC-ADM 802 (and forbid resort to DC-ADM 804) if the complaint is about the "duration" of the inmate's AC status. Here, the conundrum faced by Pelzer is that his claim necessarily and inextricably intertwines the duration of his AC status and the conditions of his AC status. Indeed, Pelzer has expressly disclaimed any challenge to the conditions of his AC status standing alone. *See* ECF Nos. 81, 92, 107. He recognizes that courts have consistently rejected claims that such conditions of confinement alone violate the Eighth Amendment. *See* ECF No. 92. Instead, the conditions that Pelzer characterizes as "solitary confinement" may violate the Eighth Amendment only if the inmate is subjected to them for a *duration* sufficient to make them "'atypical' in relation to the ordinary incidents of prison life." *Shoats v. Horn*, 213 F.3d 140, 144 (quoting *Sandin v. Conner*, 515 U.S. 472, 115 (1995)).

This materially distinguishes the present case from *Washington-El v. Beard*, where our Court of Appeals found that the plaintiff's Eighth Amendment claim based on the conditions of his confinement was barred by his failure to exhaust administrative remedies under DC-ADM 804. 562 Fed. Appx. 61, 63-4 (3d Cir. 2014). In that case, the plaintiff challenged the conditions of his AC status at various institutions. The Court's opinion never discusses the claim as based in whole or in part on the duration of AC status. Indeed, the Court's opinion includes no

4

reference to the "duration" of AC status other than in a quotation in a footnote acknowledging a change in the language of DC-ADM 802. *See id*, 52 Fed. Appx. at 64, n.3.

The event or factor that elevates AC conditions of confinement to potentially actionable in this case is the duration of Pelzer's confinement in AC status. Given this, his interpretation of the ambiguous regulations that his recourse in this situation was under DC-ADM 802 is reasonable. *See Rinaldi v. United States*, 904 F.3d 257, 266 (3d Cir. 2018) (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016)) (an administrative remedy is unavailable where the appropriate mechanism for exhausting his claim is "so opaque that it becomes, practically speaking, incapable of use"); *Ross*, 578 U.S. at at 644 (citation omitted) ("When rules are so confusing that no reasonable prisoner can use them, then they are no longer available."). Because the DOC created the ambiguity in the foregoing policies, that ambiguity should be construed against it in favor of the application of Pelzer's position. *See In v. Stroup,* 2021 WL 5922331, at *6 (W.D. Pa. Dec. 15, 2021) (resolving ambiguous DC-ADM 804 language in favor of Plaintiff). *See also Frye v. Wilt*, 2017 WL 6405623, at *6 (M.D. Pa. Dec. 15, 2017) *(citing Moore v. Lamas*, 2017 WL 4180378, at *10, 18-20 (M.D. Pa. Sept. 21, 2017) ("DOC's failure to resolve the ambiguity between DC-ADM 804's traditional grievance requirement and the special rules for abuse claims has resulted in "systemic confusion" that renders the administrative remedy process unavailable.").

But even if DC-ADM 804 were determined to apply to Pelzer's Eighth Amendment claim, Defendants' motion would still fail. Proceeding exclusively on the assertion that DC-ADM 804 applies, Defendants argue "that [Pelzer] failed to exhaust his Eighth Amendment conditions claim and . . . failed to name Defendants Beard, Wetzel and Bickell in an exhausted grievance challenging his conditions." ECF No. 82, p. 4 (citing DC-ADM 804(1)(A)(11)(b);

5

ECF No. 81-1 (Exhibit A, Grievance History for Inmate No. EZ2913)). In support of this position, Defendants append to their motion Pelzer's grievance history. Although Defendants label their motion as an *in limine* motion to exclude evidence, the Court views it more in the nature of a late filed motion for summary judgment. As such, Defendants must produce a record demonstrating their entitlement to judgment on the affirmative defense as a matter of law. Fed. R. Civ. P. 56(c)(1)(A). This record is typically made by the defendant producing the plaintiff's relevant grievance records, *see, e.g., Green v. Maxa*, 2019 WL 1207535, at *6 (W.D. Pa. Mar. 14, 2019); *Jackson v. Superintendent Greene SCI*, 671 Fed. Appx. 23, 24 (3d Cir. 2016), and an affidavit from a person with knowledge or a properly authenticated business record affirming factually that the plaintiff failed to properly exhaust, *see* Fed. R. Civ. P. 56(c)(4); *Muhammad v. Sec'y Pa. Dep't of Corrs.*, 621 Fed. Appx. 725, 727 (3d Cir. 2015) (affidavit attesting plaintiff failed to appeal to SOIGA); *accord Martin v. Pa. Dep't of Corr.*, 395 Fed. Appx. 885, 886 (3d Cir. 2010) (affidavit stating plaintiff "never sought final review").

Defendants' motion produced a single, unauthenticated document in support of their exhaustion defense. It is a multi-column spreadsheet listing Pelzer's grievances by number, category, status, and date received. Each item in the "category" column includes only a one-to-three-word description, such as "food," "mental health," "conditions," etc. The spreadsheet's "status" column is comprised of equally cryptic notations. None of the actual grievances or grievance responses are included in Defendants' submission; nor have they provided any affidavit or declaration that the complete grievance record has been examined and identifying what Pelzer failed to do (e.g., no grievance filed, failure to appeal, failure to name defendants) upon which they base their affirmative defense. Therefore, even if Defendants are correct and

DC-ADM 804 applies to Pelzer's Eighth Amendment claim, they have failed to proffer a record to support Pelzer's failure to exhaust.[1]

The Court also notes that Defendants' motion *in limine* included an alternative request for a hearing pursuant to *Small v. Camden County*, 728 F.3d 265, 270-271 (3d Cir. 2013). A *Small* hearing is typically used to resolve issues of fact where a defendant has produced a record demonstrating a procedural default like a plaintiff's failure to file a grievance or complete the grievance process, and the plaintiff has responded that some action or omission by the defendant rendered his or her grievance remedies "unavailable." *See Small*, 728 F.3d at 271 (holding "that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury"). Ultimately, exhaustion of administrative remedies is a question of law, although it may require a hearing to resolve issues of fact. *See id.* at 269, 271. Here, Defendants have not met their threshold burden of demonstrating Pelzer's failure to exhaust, and they have not identified a single issue of fact that the Court would need to resolve during a *Small* hearing.

Regarding the procedures outlined in DC-ADM 802, Defendants have not argued, let alone proffered, evidence to support that Pelzer failed to exhaust his administrative remedies. In contrast, Pelzer has proffered a record to support that he attempted to follow the procedures of DC-ADM 802 but was rebuffed. Pelzer made two attempts to administratively challenge his placement in administrative custody. These attempts are memorialized in two letters from Pelzer,

---

[1] During the final pretrial conference, the Court invited counsel to file supplemental briefs regarding *Washington-El v. Beard*, 562 Fed. Appx. 61, 63 (3d Cir. 2014), a case the Court brought to the parties' attention as potentially relevant to their competing motions. Both parties obliged the Court and filed supplemental briefs. *See* ECF Nos. 109 (Pelzer's supplemental brief); 110 (Defendants' supplemental brief). In addition to addressing the issue identified by the Court, Defendants also attached certain additional grievance-related documents to their supplement brief. *See* ECF Nos. 110-3, 110-5. Even if the Court were to consider these documents filed on the eve of trial, they fall far short of meeting Defendants' threshold burden of production on the issue of exhaustion. In fact, Defendants' supplemental brief appears to acknowledge that Pelzer filed and fully appealed multiple grievances regarding the conditions of his confinement. They apparently argue that none sufficiently identified the specific Defendants in this case. These documents are simply too little, too late to support Defendants' exhaustion affirmative defense.

one dated April 1, 2009, and the other dated December 9, 2015. Pelzer produced both letters to the Court during the final pretrial conference.[2] *See* ECF No. 107. Both efforts were summarily rejected by the DOC. These attempts either represent Pelzer having exhausted his DC-ADM 802 remedies or those remedies having been rendered unavailable by the DOC's summary rejection. *See Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019) ("Of course, exhaustion applies only when administrative remedies are 'available.'").

For the foregoing reasons, the Court will enter a separate Order granting Plaintiff's motion at ECF No. 78 and denying Defendants' motion at ECF No. 81.

DATED this 28th day of February, 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2] To ensure completeness of the record, Pelzer is directed to file copies of his correspondence of April 1, 2009 and December 9, 2015 as a supplemental exhibit to his brief in support of his motion *in limine* to exclude evidence related to administrative remedies (ECF No. 109).