IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAINE PELZER, | : | No.1:20-CV-325-RAL |
| Plaintiff | : | |
| | : | Chief Magistrate Judge Lanzillo |
| v. | : | |
| | : | Electronically Filed Document |
| SECRETARY JOHN WETZEL, | : | |
| FORMER SECRETARY JEFFREY | : | |
| BEARD, TABB BICKEL , | : | |
| Defendants | : | |

# MOTION TO RECONSIDER, OR IN THE ALTERNATIVE, MOTION FOR CLARIFICATION

AND NOW come the Defendants, and Move this Honorable Court to Reconsider or Clarify its Order at Doc. 113 granting Plaintiff's motion *in limine*:

## A.  The Court's ruling was based on an incorrect standard of an Eighth Amendment conditions of confinement claim.

1. In granting Plaintiff's motion *in limine,* the Court stated that "the conditions that Pelzer characterizes as solitary confinement may violate the Eighth Amendment only if the inmate is subjected to them for a duration sufficient to make them  atypical in relation to the ordinary incidents of prison life." Doc. 112, p. 4. (citing *Shoats v. Horn,* 213 F.3d 140, 144 (quoting *Sandin v. Conner,* 515 U.S. 472, 115 (1995))).

2. In analyzing the Plaintiff's claims in  this matter, the Court conflated the analysis as to whether or not an inmate has a liberty interest sufficient to trigger due

process protection under the 14th Amendment, with the entirely separate question of whether the 8th Amendment was violated.

3.   The cases cited by the Court – *Shoats* and *Sandin* – do not deal with the Eighth Amendment, but deal with the 14th Amendment's due process clause, and whether or not procedural due process protections are even due to an inmate in segregated housing.

4.  There is no case which states that the Eighth Amendment is violated if the duration an inmate is placed in solitary confinement is atypical in relation to the ordinary incidents of prison life.

**B.  The correct test for the Eighth Amendment solitary confinement claim is found in *Farmer* not *Sandin***

5.  The correct test to apply to an Eighth Amendment prison conditions claim based in part on solitary confinement is "a two-prong test: (1) the deprivation must be objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; and (2) the prison official must have been deliberate[ly] indifferen[t] to inmate health or safety. *Porter v. Pennsylvania Department of Corrections*, 974 F.3d 431, 441 (C.A.3 (Pa.), 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotation marks omitted).  An official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety." *Id*.

6. To satisfy the objective prong of this test the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* Prolonged solitary confinement without penological justification satisfies the objective prong of the Eighth Amendment test and may give rise to an Eighth Amendment claim. *Porter v. Pennsylvania Department of Corrections*, 974 F.3d 431, 451 (C.A.3 (Pa.), 2020)

7. However, even when the objective test is satisfied, the Eighth Amendment is not violated unless the inmate can satisfy the subjective prong. An inmate must show that the prison official knew the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Id*. (citations and quotations omitted) In evaluating the subjective prong of the Eighth Amendment test, we may also consider whether officials had a legitimate penological purpose behind their conduct. *Porter*, 974 F.3d at. 446.

**C.  Pelzer continues to argue specific prison conditions, apart from the duration he was on AC status, violate that Eighth Amendment, without having first given prison officials an opportunity to address those conditions through the grievance system.**

8. Pelzer argues about specific conditions of confinement such as lighting, noise level, lack of medical care, officer's using flashlights that disturbed his sleep, the temperature in his cells, lack of opportunity to shower or exercise on the

weekends, lower quality food, and denial of religious services, among other things. See Amended Complaint, Doc. 21.

9. While it is true that the duration of conditions is one factory in the totality of circumstances which can satisfy the objective portion of the *Farmer* test, the fact of the matter is that many of the individual specific conditions of confinement that Pelzer now asserts, could have been grieved under DC-ADM-804 short of asking for Pelzer's total release from his AC status under the procedures available in DC-ADM-802.  Had Pelzer successfully grieved any of the specific conditions he complains of, such as the issues regarding noise, food, or lighting, the duration of his exposure to those conditions would have been limited, as they could have been corrected without releasing Pelzer from AC status.

10. Even if the Court does not reconsider its current decision regarding the availability of administrative remedies, the Court should allow the Defendants to cross-examine Pelzer about the fact that he failed to complain to prison officials about specific prison conditions that could have been corrected prior to bringing suit.

Such cross-examination goes to, among other things, Pelzer's credibility in asserting that the conditions substantially impacted him.

## D.  The Court can deny a late motion for summary judgment for summary, but still allow for a bifurcated trial on the issue of exhaustion.

11.  This Court denied the Defendant's request for a *Small* hearing on the issue of exhaustion citing the deficiency of evidence in the record to conclude the Pelzer failed to exhaust, even under the assumption that DC-ADM-804 did apply.

12.  However, the Third Circuit has held that, when the exhaustion defense is raised as an affirmative defense in an answer, the defense is not waived at trial even if the defendants never raise exhaustion in a motion for summary judgment. *Drippe v. Gototweski*, 434 Fed.Appx. 79, 82 (C.A.3 (Pa.), 2011). (("[I]t is not inconsistent for a court to grant a bifurcated trial after finding that summary judgment cannot be granted.")

13.   Thus, despite the lack of a full record on summary judgement, the Defendants are still entitled to raise exhaustion at trial.

WHEREFORE, the Defendants request that the Court vacate its order granting the Plaintiff's motion in *limine*, and order a bifurcated trial on the issue of exhaustion, or, in the alternative, clarify the order by allowing the Defendants to cross-examine Pelzer about his lack of complaints presented through the grievance system.

Respectfully submitted,

/s/ Chase M. Defelice
Chase M. Defelice
Deputy Chief Counsel
Attorney I.D. No. PA 209135
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7743
Fax No.:  (717) 728-0307

Dated: March 1, 2024                        Email: chdefelice@pa.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAINE PELZER, | : No.1:20-CV-325-RAL |
| Plaintiff | : |
| | : Chief Magistrate Judge Lanzillo |
| v. | : |
| | : Electronically Filed Document |
| SECRETARY JOHN WETZEL, | : |
| FORMER SECRETARY JEFFREY | : |
| BEARD, TABB BICKEL , | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that the within motion has been filed electronically and is available for viewing and downloading from the ECF system by counsel for Plaintiff.

/s/ Chase M. Defelice
Chase M. Defelice

Dated: March 1, 2024