IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAINE PELZER ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 1:20-cv-325E |
| SECRETARY JOHN WETZEL, ) | |
| TADD BICKELL ) | |
|    *Defendants*. ) | **JURY TRIAL DEMANDED** |

## RESPONSE IN OPPOSITION TO
## MOTION FOR RECONSIDERATION [ECF 118]

Plaintiff Caine Pelzer, by his attorneys at the Mizner Law Firm, files this Response in Opposition to Motion for Reconsideration [ECF 118] and states as follows:

The Defendants seek reconsideration of this Honorable Court's Order precluding the Defendants from arguing Mr. Pelzer failed to exhaust his administrative remedies relating to his Eighth Amendment claim. [ECF 113]. Specifically, the Defendants argue the Court utilized the "atypical" standard from *Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)*, rather than the "serious deprivation" standard from *Farmer v. Brennan*, to describe Mr. Pelzer's burden of proof for his Eighth Amendment claim. [ECF 118, para. 2].

What Defendants fail to demonstrate is that the outcome of the Court's analysis would have been any different, had the Court cited *Farmer* rather than *Sandin*. At first blush, there is not an obvious difference between an "atypical" hardship, and a "serious" deprivation. More importantly, the Court's analysis hinged not on Mr. Pelzer's burden, but on the fact that the Department of Corrections does not allow inmates to file grievances under the DC ADM 804, nor the DC ADM 802, related to the **duration** of their administrative custody. *See* ECF 112

1

("The event or factor that elevates AC conditions of confinement to potentially actionable in this case is the duration of Pelzer's confinement in AC status.").

As as been previously explained, the DOC's DC ADM 804 specifically states that inmates may not challenge their administrative confinement, which includes RRL status, via the Inmate Grievance System:

> Issues concerning a specific inmate misconduct charge, conduct of hearing, statements written within a misconduct and/or other report, a specific disciplinary sanction, and/or the reasons for **placement in administrative custody will not be addressed through the Inmate Grievance System** and must be addressed through Department policy DC-ADM 801, "Inmate Discipline" and/or DC-ADM 802, "Administrative Custody Procedures."

DC ADM 804, Section 1(A)(7)(emphasis added).

Pursuant to the DC ADM 802, the proper venue to raise concerns about administrative custody is before the Program Review Committee ("PRC") whom inmates in administrative custody see approximately every ninety days:

> All issues concerning the reason for an inmate's placement in AC custody or the duration of his/her AC custody must be addressed through the procedures set forth in this procedures manual and may not be addressed through the procedures set forth in Department policies DC-ADM 801, "Inmate Discipline" or DC-ADM 804, "Inmate Grievance System." **An inmate is required to raise any issue concerning the reason for or the duration of his/her AC custody during the regularly scheduled PRC review**. The PRC's decision **may** be appealed **through the procedures set forth in Subsection C above**. Issues concerning the failure of the PRC to conduct a timely initial AC placement hearing or a regularly scheduled review may be appealed to the Facility Manager and then to the Chief Hearing Examiner under the procedures set forth in Subsection C. above. The granting or denial of privileges may not be appealed.

DC ADM 802, Section 2(D)(11)(emphasis added). Thus, an inmate's only recourse to appealing any issue not resolved by the PRC, is through an appeal permitted by Subsection 2(C), which only permits appeal of initial placement in administrative custody:

> An inmate may appeal the decision of the PRC concerning his/her **initial** confinement in AC to the Facility Manager/designee within two working days of the completion of the hearing.

DC ADM 802, Section 2(C)(emphasis added).

The Defendants argue that "There is no case which states that the Eighth Amendment is violated if the duration an inmate is placed in solitary confinement is atypical in relation to the ordinary incidents of prison life." [ECF 118, para. 4]. This is, at best, an exercise in hairsplitting. The Third Circuit has been clear that the duration of a deprivation, is key to determining whether such conditions violate the Eighth Amendment. *See Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) ("The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards."); *citing Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992)(superceded on other grounds by the PRLA).

The Defendants' reliance on the Third Circuit's opinion in *Porter* is completely misplaced, because "Porter's Eighth Amendment claim [did] not challenge the overall duration of his solitary confinement." *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 460 (3d Cir. 2020). Moreover, in that case Mr. Porter's administrative custody was mandated by statute, and thus was not discretionary. *Id*. at 456. Here, Mr. Pelzer is expressly challenging the duration of his administrative custody on the restricted release list, and his placement on the restricted release list is completely discretionary.

Finally, defendants seek a "bifurcated trial" on the issue of exhaustion. This request is made on the mistaken assumption that the issue of whether Mr. Pelzer exhausted his administrative remedies is a question for the jury, when the law is well settled that is a question of law for the Court.  See *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013) (Noting, "we stated, unconditionally and in agreement with the Seventh Circuit's holding in *Pavey v. Conley*,

3

544 F.3d 739, 740 (7th Cir. 2010), that exhaustion is a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts…. We now hold what we so strongly signaled in *Drippe*, a conclusion that has been reached as well by every one of our sister circuits to have considered the issue.").

      WHEREFORE, Plaintiff Caine Pelzer respectfully requests that the Defendants motion for reconsideration be denied.

      Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

Joseph P. Caulfield
PA bar No. 322823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
814.454.3889

*Attorneys for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAINE PELZER ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 1:20-cv-325E |
| SECRETARY JOHN WETZEL, FORMER ) | |
| SECRETARY JEFFREY BEARD and ) | |
| TADD BICKELL ) | |
|     *Defendants*. ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2024, the foregoing Response in Opposition to Motion for Reconsideration was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Courts ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the courts ECF system.

/s/ John F. Mizner

5